## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MELISSA GARCIA LOPEZ,

     **Plaintiff,**

v.                                  **No. CV 09–1214 JCH/LFG**

SANTA FE POLICE DEPARTMENT,

     **Defendant.**

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

### Introduction

THIS MATTER is before the Court on an Order of Reference [Doc. 3] to conduct a review of *pro se* Plaintiff Melissa Garcia Lopez's ("Lopez") Complaint [Doc. 1], filed December 30, 2009. In these recommendations, the Court evaluates the Complaint to determine if it can withstand Fed. R. Civ. P. 12(b)(6) scrutiny.

**I.**     ***In Forma Pauperis* Application**

Lopez did not pay a filing fee and instead, seeks the Court's order authorizing her to proceed with this litigation without the prepayment of costs or fees [Doc. 2], in accordance with 28 U.S.C. § 1915. The *in forma pauperis* statute authorizes a court to waive filing fees and various court costs for indigents. The intent of the statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States'

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]."
*Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 342 (1948).

A review of Lopez's financial affidavit shows that she has been unemployed for two years, but has an income of $674 from disability. She has no dependents, no debt, and no car, and lists expenses for the necessities of rent and utilities of $260/month. She fails to list other reasonable and necessary living expenses, including food, utilities and medical costs. Other than her disability income, she lists no other available assets with which to prosecute her case. The Court concludes that Lopez is indigent, grants her *in forma pauperis* status, and thereby authorizes the filing of the complaint without prepayment of costs or fees.

However, because Lopez's lawsuit is defective as explained below and fails to state a cognizable claim on which relief may be granted, the undersigned Magistrate Judge recommends dismissal of the Complaint.

## II.    Authority for *Sua Sponte* Analysis

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In response to this congressional concern, federal courts were specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint if Plaintiff "does not plead sufficient facts, that when taken as true, provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ridge at Red Hawk, L.L.C. v.*

*Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007); *Carson v. Tulsa Police Dep't*, 266 F. App'x 763, 765 (10th Cir. Feb. 21, 2008) (applying *Twombly* plausibility standard in § 1915 review).

**III.**   *Sua Sponte* **Review of the Complaint**

    **A.  Legal Standard**

In the wake of *Twombly*, 550 U.S. 544, and more recently, *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a party's complaint to determine if an actionable claim is asserted.  In *Twombly*, the United States Supreme Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations."  *Twombly*, 550 U.S. at 555.  However, the Rule "demands more than an unadorned the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949.  The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ."  These, the Court stated, "will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  In *Iqbal*, the Supreme Court further noted:

> [a] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

    **B.  Factual Allegations**

Lopez brings a civil rights claim against the Santa Fe Police Department, alleging a violation of her Fourth Amendment right to be from unreasonable searches and seizures under 42 U.S.C. §

1983. [Doc. 1, p. 1.]  Lopez alleges that, in "the summer of 1998," while she was intoxicated and

walking back to her apartment after purchasing beer, she accepted a ride from an unknown man

dressed in "plain clothes" and "driving his personal vehicle." [Doc. 1, p. 1.] The driver of the vehicle

lived in her apartment complex.  Lopez accepted the man's invitation to go to his apartment, where

she became "more intoxicated." [*Id.,* p. 2.]  She contends that after they "chatted," the man took her

into his bedroom, disrobed and sexually assaulted her, but that she was "so inebriated that she could

not fight . . . or scream and was in and out of consciousness." [*Id.*]  He allegedly assaulted her a

second time  and then "made her dress and threw her out the door." [*Id.*]

Lopez returned to her apartment and states that, the next morning, she saw the assailant

dressed in a Santa Fe Police Department uniform.  [*Id.*] Prior to this sighting, she was unaware that

he was a policeman, and he did not use his title, badge, gun, or uniform to effect the alleged crime.

Lopez later identified the alleged assailant as David Woodruff.  She speculates that, although he was

"off-duty" at the time of the alleged assault, his subsequent use of a police uniform serves as

"official capacity conduct under color of state law" to prevent her from reporting the assault.  [*Id.*,

p. 1.]  She states that, whenever she needs to call the police, Woodruff "eventually arrives on the

scene and advises those investigating her complaint that she is crazy." [*Id.* at 2.]  Lopez also alleges

that Woodruff has "interfered," in some unspecified way and at unspecified times, "in her efforts

to regain custody of her 12-year-old daughter."  *Id.*

Lopez gives no specific dates for when the incidents occurred, nor does she name Woodruff

as a defendant.  The only defendant named is the Santa Fe Police Department.  Lopez states she was

"too frightened" to report the alleged rape and harassment until November 25, 2009, when she called

the FBI, who told her to report it to the Santa Fe Police Department's Office of Internal Affairs.

[*Id.*]  In the only factual allegation directed towards the Santa Fe Police Department, Lopez states

that the Office of Internal Affairs asked her for more information and told her that "there is no officer by the name of Dave Woodruff on the Santa Fe Police Department force." *Id.*

Lopez seeks $1 million in punitive and compensatory damages from the Santa Fe Police Department, and for the Court to "order the prosecution and appropriate punishment for Woodruff." [*Id.,* p. 3.]

**C. Analysis**

Lopez seeks to bring her action against the Santa Fe Police Department.  The Department, however, is not an entity amendable to suit under § 1983.  *See Ketchum v. Albuquerque Police Dep't.*, No. 91-2200, 958 F.2d 381 (Table), 1992 WL 51481, *2 (10th Cir. Mar. 12, 1992) ("police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality"); *Fritchey v. Denver Police Dep't*, No. 93-1451, 21 F.3d 1121 (Table), 1994 WL 142474, *1 (10th Cir. Apr. 20,1994) (affirming dismissal of police department because it was "not an entity amenable to suit under 1983").

In addition, *respondeat superior* may not serve as a basis for § 1983 liability.  *Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 690-695 (1978).  *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1211 (10th Cir. 2007) ("It is true that § 1983 liability for an entity cannot be predicated on respondeat superior. ").  Last year's *Ashcroft v. Iqbal* ruling by the Supreme Court eliminated supervisory liability in civil rights actions.  A civil rights defendant is now only liable for his own misconduct.  *See Iqbal*, 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution.")

Nothing in Lopez's Complaint indicates that the Santa Fe Police Department, while under color of law, acted to violate her constitutional rights.  *See Gomez v. Toledo*, 446 U.S. 635, 640

5

(1980) (discussing required elements of § 1983 claim).  Moreover, Lopez does not allege that the Police Department or City of Santa Fe, for that matter, had a custom or policy allowing or promoting unconstitutional or illegal acts.  Without such allegation, Lopez cannot establish municipal liability. *See Fritchey*, 1994 WL 142474, *1 (affirming denial of opportunity to amend because plaintiff "failed to allege a custom or policy of unconstitutional acts necessary for municipal liability").

In *Monell*, 436 U.S. at 694-95, the Supreme Court held:

> [a] local government . . . may not be sued under Section 1983 for an injury inflicted solely by its employee or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is response under Section 1983.

As previously stated, Lopez's Complaint neither alleges any culpable conduct on the part of the Santa Fe Police Department nor does it indicate that the alleged assailant acted pursuant to any established municipal policy or custom or that the alleged sexual assault represents an official policy of the City of Santa Fe or the Santa Fe Police Department.  For the reasons explained below, an amendment of the complaint would be futile.

The statute of limitations for a *Monell*-type claim against the City is three years.  *Wilson v. Garcia*, 471 U.S. 261, 265 (1985); *Mondragon v. Thompson*, 519 F.3d 1078, 1081 (10th Cir. 2008).  It is patently clear that Lopez may not prosecute a § 1983 claim against the City at this late date because it would be time-barred.  *See Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district courts have authority to dismiss based on a statute of limitation defense when the defense is "obvious from the face of the complaint and [no] further factual record [is] required to be developed.")

6

While the City of Santa Fe could be a proper party under a common law tort claim, no such claim is before the Court.  Moreover, at this juncture, none could be filed, as any claim would also be time-barred.  N.M.S.A. 1978 § 41-4-15 ("[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence . . . .").  Lopez asserts that the incident giving rise to her Complaint occurred in the summer of 1998.  Thus, any tort claim against the City of Santa Fe under the New Mexico Tort Claims Act should have been brought within two years from the summer of 1998 under applicable provisions of the Tort Claims Act.

<u>**Summary**</u>

Lopez's Complaint fails to meet the pleading standard of *Twombly* and *Iqbal*, and also the civil rights requirements of *Gomez v. Toledo*.  These are defects not amendable to correction by re-pleading, as it is clear from a facial review of the Complaint that amendments are insufficient to cure the defects.

<u>**Recommended Disposition**</u>

It is recommended that the Court authorize Lopez to proceed *in forma pauperis*, but that her Complaint be DISMISSED with prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

7