IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA GARCIA LOPEZ,

                Plaintiff,

   vs.                                          CIVIL NO.  09-1214 JH/LFG

SANTA FE POLICE DEPARTMENT,

                Defendant.

## ORDER STRIKING AMICUS CURIAE BRIEF [DOC. 4]

THIS MATTER is before the Court *sua sponte*.  On January 12, 2010, without seeking leave of the Court, Nancy Lewis filed a pleading purportedly on behalf of *pro se* litigant Melissa Garcia Lopez.  The Court reviewed its own records and notes that Ms. Lewis is not authorized to practice law before the United States District Court for the District of New Mexico, nor does her name appear on the roll of attorneys authorized to practice law in state courts of New Mexico.  *See* United States v. Ahidley, 486 F.3d 1184, 1192 n. 5 (10th Cir.) (noting that "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), *cert. denied*, 552 U.S. 969 (2007).

Title 28 U.S.C. § 1654 governs appearances of parties or counsel in federal court.  That statute states:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

This statutory provision was enacted to enforce the Sixth Amendment's right to counsel.  It

guarantees a choice between representing oneself or representation by counsel.  *See* Faretta v. California, 422 U.S. 806, 825 (1975).  The right to self-representation, however, means that an individual has a right to represent herself.  It does not mean that an individual has the right to lay representation by someone other than one's self, unless that person is a licensed attorney.  Beyer v. North Carolina Div. of Mental Health, 2001 WL 1319506 (W.D.N.C. Oct. 16, 2001).  *See also* United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978) (constitutional right to assistance of counsel does not include right to representation by persons unlicenced to practice law).

By the filing a pleading entitled "Amicus Curiae Brief:  Rape and the Scales of Justice," [Doc. 4], Ms. Lewis seeks to represent or advance the interests of another in a civil court proceeding.  Ms. Lewis is unlicensed to practice law.  Thus, her attempt to file a pleading in this case is impermissible and constitutes the unauthorized practice of law.

Moreover, Ms. Lewis cannot file an amicus curiae brief without the Court's permission.  "Participation as an amicus to brief and argue as a friend of the court is a privilege within the sound discretion of the court . . . ."  State of Okla. ex rel. W.A. Drew Edmonson v. Tyson Foods, Inc., 2008 WL 1994914 (N.D.Okla. May 5, 2008).

In this case, neither the *pro se* Plaintiff nor Ms. Lewis requested the Court's consent to file an amicus brief.  Thus, the Court's discretion was never invoked.  Moreover, amicus proceedings are allowed when the amicus has information to assist the Court that is "beyond the help that lawyers for the parties are able to provide.  Otherwise, leave to file an amicus curiae brief should be denied." Id. at *1 (internal citations omitted).

Apart from the fact that Nancy Lewis is not authorized to practice law, she presents no qualifications or unique information that would be beneficial to the Court.

> Amicus briefs filed by allies of litigants which duplicate the arguments made in the litigants' briefs, in effect nearly extending the length of the litigant's brief, are an abuse and should not be allowed. The term "amicus curiae" means friend of the court, not friend of a party.

Id. (internal citations omitted).

The Court determines that Ms. Lewis' pleading is unauthorized, was filed without the consent or approval of the Court, and constitutes an improper pleading.  The brief in its entirety is therefore stricken.  Ms. Lewis is cautioned that future abusive practice will result in the Court's issuance of an order to show cause why she should not be held in contempt of this Court.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge