IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA GARCIA LOPEZ,

          Plaintiff,

vs.                                                           CIVIL NO.  09-1214 JH/LFG

SANTA FE POLICE DEPARTMENT,

          Defendant.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER[2] is before the Court on Plaintiff Melissa Garcia Lopez's ("Lopez") "Motion for Permission to Late File Appeal," filed March 25, 2010.[3] [Doc. 11.] There is no need for a response.[4]

## **Background**

On December 30, 2009, Lopez filed a civil rights complaint against Santa Fe Police Department. On January 15, 2010, the undersigned Magistrate Judge entered analysis and a recommended disposition, concluding that Lopez's motion for leave to proceed *in forma pauperis*

---

[1]**Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.**

[2]The undersigned Magistrate Judge submits this Report and Recommendation pursuant to an Order of Reference issued January 5, 2010. [Doc. 3.]

[3]Because Lopez filed the motion for permission to file a late appeal more than 30 days after Rule 4(a) requires, the Court liberally construes Lopez's motion as one to reopen the time to file an appeal. *See* Fed. R. App. P. 4(a)(6).

[4]Because of the Court's early resolution of this case, Defendant has not been served nor has it entered an appearance.

[Doc. 2] should be granted but that the complaint should be dismissed, with prejudice. [Doc. 5.] In the January 15 recommendation, the Magistrate Judge determined that Lopez's Complaint failed to meet the pleading standards of *Twombly* and *Iqbal*, and also the civil rights requirements of *Gomez v. Toledo*. Moreover, the Magistrate Judge found that these defects could not be corrected by amendment and therefore, recommended dismissal of Lopez's complaint, with prejudice.

On January 28, 2010, Lopez filed timely objections to the Magistrate Judge's analysis and recommendation. [Doc. 7.] On February 3, 2010, the Court entered an Order overruling Lopez's objections, adopting the Magistrate Judge's analysis and recommendation, and dismissing Lopez's complaint with prejudice. [Doc. 8.] A Judgment in favor of Defendant was entered that same day. [Doc. 9.] On February 22, 2010, there is a docket entry indicating that the pleadings, including the Court's Order and Judgment, were returned as undeliverable ("no longer at this address"). [Doc. 10.]

On March 25, 2010, it appears that Lopez communicated with the Clerk's Office and was given a copy of the Objections (that she purportedly filed), the Court's February 3 Order, and the Judgment. The docket entry also states that her address changed "on 3/25/2010 pursuant to her Motion and Appeal," although she did not file a change of address with the Court.[5]

On March 25, 2010, Lopez filed the present motion – requesting permission to file a late appeal. [Doc. 11.][6] Later, the same day, Lopez filed a Notice of Appeal, but the time for doing so had passed, and she had not obtained approval to file a late appeal. [Doc. 12.]

---

[5]This District's local rules require that all parties appearing *pro se* or with counsel must notify the Clerk, in writing, of any change in their contact information. D.N.M. LR-Civ 83.6 ("Change of Address").

[6]Initially, the Court filed a recommendation [Doc. 14] that Lopez's motion for extension of time to file a late appeal be dismissed for lack of jurisdiction, based on Lopez's notice of appeal. On April 15, 2010, the Tenth Circuit Court of Appeals abated Lopez's appeal pending this court's ruling on the motion for extension of time to file a late appeal. [Doc. 17.] Based on the Tenth Circuit's Order, the Court withdrew its earlier Report and Recommendation [Doc. 18] and now proceeds with the present Report and Recommendation.

In her motion for extension of time, Lopez states that she was "unaware of the dismissal because she was in rehabilitation for about six weeks after filing this Complaint,[7] never received a copy of the dismissal in the mail and only very recently learned of the dismissal." [Doc. 11.]

Rule 4 of the Federal Rules of Appellate Procedure governs the deadline for filing an appeal. That rule requires that a notice of appeal be filed with the federal district court within thirty (30) days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(A). Thus, Lopez's notice of appeal was due no later than March 8, 2010 (thirty days from February 3, 2010, plus three days for mailing).[8] However, it was not filed until well after the thirty-day deadline.

"The district court has limited authority to extend the time for filing a notice of appeal." Portley-El v. Milyard, 2010 WL 369378, at *3 (10th Cir. Feb. 3, 2010) (unpublished)[9] (*citing* 28 U.S.C. § 2107(c); Fed. R. App. P. 4). In order to reopen the time to file an appeal, Lopez has the burden of demonstrating compliance with Fed. R. App. P. 4(a)(6).

That rule allows the district court to reopen the time to file an appeal for a period of fourteen (14) days after the date when its order to reopen is entered, but ***only if all*** of the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice of the entry of judgment or order sought to be appealed within 21 days after entry;

(B) the motion to reopen is filed within 180 days after the judgment or order is entered . . .;

---

[7]Lopez provides no details of her "rehabilitation." If she was in rehabilitation for six weeks after she filed the complaint on December 30, 2009, it could be assumed that she no longer was in rehabilitation by mid-February 2010. Thus, it seems more likely that her change of address interfered with receipt of the Court's February 3, 2010 Order and Judgment, than her period of rehabilitation. As previously stated, all parties have a duty to promptly update the Court with current address information.

[8]Although a party may not be entitled to an additional three-day mailing period, Lopez failed to meet the deadline for filing an appeal even with the three days.

[9]While this unpublished opinion is not binding on the Court, it is instructive. The Tenth Circuit Court of Appeals reversed the district court's order granting the movant's request to reopen the time to appeal. Portley-El, 2010 WL 369378, at *1.

and

      (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A-C) (emphasis added); *accord* 28 U.S.C. § 2107(c).

> "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons.". . . . "The essence of Rule 4(a)(6) is finality of judgment." "While application of that concept may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases."

Portley-El, 2010 WL 369378, at *3 (*citing* Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000)).

Here, based on the docket entries, Lopez was aware that the Magistrate Judge recommended dismissal of her claims, and she filed objections. Lopez did not receive the Court's February 3, 2010 Order dismissing the case and corresponding Judgment, *albeit* through her own failure to advise the Court of a change of address. Her motion to reopen or for permission to file a late appeal was filed within 180 days after Judgment was entered. Therefore, she satisfies two of the three requirements to reopen the time to file an appeal.

The remaining question is whether the Court can find that no party will be prejudiced by allowing Lopez to file the late appeal. The Court determines, under the circumstances of this case, that Defendant will be prejudiced if Lopez is allowed to file a late appeal. The Court concluded early in this case that Lopez failed to state a claim in her civil rights complaint and that amendment of her complaint would not correct the defects. That was partly true because Lopez's complaint was deficient for a number of different reasons, including statute of limitations grounds.

To require Defendant to respond to an appeal would mean that Defendant would have to expend resources to defend a case that the Court already determined failed on a number of grounds, including the fact that it was time-barred. Lopez's objections did not even respond to the deficiencies identified by the Court.

Defendant would be prejudiced if a late appeal were permitted.  So, too, the processing of an appeal in a case where the statute of limitations bars the claims asserted, is an inappropriate utilization of judicial resources.  Because the Court "has limited authority to extend the time for filing a notice of appeal," and in consideration of the time and expense burdens imposed on Defendant, the Court recommends that Lopez's "Motion for Permission to Late File Appeal," be DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge